Good morning, Your Honors. May it please the Court, my name is Arzu Jamshidi for Defendant and Appellate, Starbucks Corporation. Your Honors, if I could reserve five minutes for rebuttal. Okay, the clock counts down, so keep an eye on it and I'll try and help you. Your Honors, I'd like to first address the jurisdictional issue before the Court. As this Court is aware, Mr. Kalani passed away in December of last year, and his death extinguished his ADA claim here. Therefore, this case is ultimately moot. Well, is it moot as to the award of damages that the District Court awarded for the violations? Why isn't that a money judgment, which is now an asset of his estate, so that the personal representative can step into his shoes and continue litigation to collect that judgment? Your Honor, the issue is that the ADA claim was the basis of original jurisdiction. Right. And the District Court assumed supplemental jurisdiction over the UNRU state law claims. That's correct. And tried those claims to verdict and entered a judgment on them against your client in the amount of $4,000 plus attorney's fee. So, why isn't that an asset of the estate that the estate can pursue without regard to injunctive relief under the ADA? Well, the issue is that when a case becomes moot, or when the federal claim, in this case the ADA claim, is dismissed because of jurisdictional reasons, the trial court can no longer, there's no more discretion to exercise supplemental jurisdiction. And that's under the Herman Family Revocable Trust case, 254 Federal 3rd 802. So, the issue here is that the ADA claim isn't being dismissed on the merits, it's being dismissed on jurisdictional grounds. But I guess maybe, I'm not making my questioning clear, I can agree with you that the ADA claim is moot, because the only relief that the court may impose by statute is injunctive relief. But there are other claims in the case besides the ADA claim, which have now been tried to verdict. Right. So, those claims are not moot, are they counsel? They're not moot, but that was, those claims should also be dismissed, because that was essentially what the Herman case describes as the hook, or the ADA claim was the hook to hold those state law claims together. And the state law claims were entirely based on the ADA claim. So, without the ADA claim, how do those state law claims stand? Because they are inextricably intertwined with the fact of the ADA claim, and they do not require anything other than the personal representative to step into the shoes of the now-deceased plaintiff in order to pursue collection of the money judgment. So, why isn't that relief that is still outstanding and effective, and which we can litigate all the way to the Supreme Court if you want to do that? Right. I mean, I think that the issue goes more to the equitable issues and the general rule of honor. The Supreme Court has said that when a case becomes moot on appeal, where this ADA case or the ADA claim has become moot on appeal, and it essentially prevents this court from going into the merits of our standing argument. We made a standing argument on the merits in this case, and plaintiff has acknowledged that had this court... The standing argument went to the ADA claim, did it not? It did, but the plaintiffs even acknowledged that if this court found in our favor on that standing argument, it would have required vacating, remanding vacating, and dismissing the case in its entirety because the state law damages were completely based on the ADA claim. But, I mean, there was a separate independent state law claim. It's an UNRU Act claim. I mean, California can decide to incorporate by reference violations of ADA in violations of UNRU Act. And so the district court had jurisdiction. It had Article III jurisdiction over the ADA and the state law claim. And by exercising supplemental jurisdiction over the state law claim, reached a conclusion on the state law claim, that's now on appeal. So there's no jurisdictional issue for us here. We're just looking at the state law claim that the district court properly exercised supplemental jurisdiction, and then that's now on appeal here. So I don't understand why we have any issue about looking at this appeal here. Your Honor, the issue is that had this, again, had this court been able to go into the merits of our standing argument, that would have meant, and the court had ruled in our favor, that would have meant that this court would be ruling district court, you should not have even heard this case because the plaintiff was unable to establish standing. I think you're confusing the doctrines of standing and mootness. The question that the court asked is whether or not at the initiation of the lawsuit, there was both standing to bring it and a case or controversy cognizable in an Article III court. You challenged standing. He lived more than, what was it, 137 miles from the Campbell store, didn't visit it very often, all those factors. The court heard that testimony and concluded that it was sufficient to establish standing. His death doesn't moot the standing analysis at the initiation of the case. What it moots is the ability of the court to award effective relief, which is an injunction for the ADA Act violations. I agree with you, those claims are moot, and I think we're going to have to remand to the district court with directions to dissolve the injunction. But the question is, at the same time that the court resolved the standing issue, it also made a determination that the state law claims were inextricably intertwined with the facts of the ADA claim, and it exercised its discretion, which the law permits, to exercise supplemental jurisdiction over the state law claims. So now it has, in essence, agreed to assume jurisdiction over those claims. His death doesn't cause that judgment to evaporate. There were money damages that were awarded after trial, which are now an asset of the estate. So if there was standing at the time, and we conclude there was no abuse of discretion when the decision was made to exercise supplemental jurisdiction, I don't think that the case law suggests that the entire case has to be dismissed on grounds of mootness. And if you've got a case that says it does, is the Harmon Family Revocable Trust case the best case you've got on this point? It's one of, yes, because this, in that case, it was even after trial, even after the court had already determined that the state law claims, and exercised jurisdiction to exercise supplemental jurisdiction over the state law claims, finding out after a trial on the merits that the federal claims should be dismissed on jurisdictional grounds, the court there, this court here, said that the court no longer has discretion to assert supplemental jurisdiction. But I guess the problem I'm having with the reasoning is the decision to exercise that discretion was already made once the court says, I'm going forward to hear these claims. Right. So there's no further discretion that sort of continues at that point. The decision is made, court goes to trial on those claims, court finds violation, court renders judgment for monetary damages. So we don't go back and undo the district court's decision to exercise supplemental jurisdiction. I mean, if you say Harmon Family Revocable Trust says I'm wrong, I'll take another look at that case. But the case law that I'm familiar with, basically, I think, supports the analytical distinction that I'm suggesting in my questioning of you. I'd be willing to go back and look at the case, too, because I do see it, at least right now, I'm listening, but I see it as Judge Taubman, at least at the inception. The Honor of Claim was really kind of based on a determination as to whether there was a violation of the ADA. But once you make that determination and you get a judgment on it, that's done, as far as I can see from the case law. I don't see how you undo that. You look at the fact that these claims are now moot, and so there can be no injunction, the relief has to be vacated there in terms of the ADA claim. But I don't see how that gets the Honor of Claims mooted out. Sure, I would point this Court to the first Chapman case, Chapman v. Pier 1 Imports. And I point to this case because we did argue standing on the merits, as did the Pier 1 Imports, the defendant in that case. They argued standing on the merits. And this Court found that the District Court erred in finding that there was standing to pursue the ADA claim. And this Court then dismissed, remanded the case, instructing the District Court to dismiss the ADA claim for lack of jurisdiction. In that case, there was the similar ADA claim with the UNRWA damages. So are you arguing here that we should be considering the standing right now, the issue that's been briefed, and see whether there's standing in regard to ADA? Are you saying that's what we should be doing here today? Your Honor, what I'm arguing is that it is no longer, this Court is no longer able to go into the merits of our standing argument because of something that happened at no fault to us. But let me come at the question a different way. Suppose that this case had been filed in Superior Court solely alleging violations of the UNRWA Act, and it went to trial and judgment was entered, and on appeal, the plaintiff died. Wouldn't the estate be able to continue litigating the collection of that monetary judgment? Forget about the ADA claim. There's no federal claim in my hypothetical. Or would your position be that the case was now moved? And this is Superior Court, Your Honor, and State Court. Yeah, that would be different, Your Honor. It would not be moved. It would not be moved because the whole reason that the plaintiffs were able to get in federal court was because of the ADA claim. That is the only reason that they were able to get in federal court, and the only reason that the District Court was able to exercise that supplemental jurisdiction was based on that ADA claim. Based on a substantial federal claim, the supplemental jurisdiction was attached to us. Yes, Your Honor. And so, regardless of whether the federal claim goes out or not, it doesn't take the jurisdiction away from the court. I mean, the court hearsay, the District Court had determined that he was not entitled to injunctive relief, but having asserted supplemental jurisdiction, would he be required to dismiss that, the Unruh Act claim? Or would he have discretion to go forward on that? So, he goes through the trial. He asserts jurisdiction based on the ADA claim, determines that Starbucks, that the plaintiff is not entitled to injunctive relief for whatever reason, but has a state law, a pending state law claim. Could he continue asserting supplemental jurisdiction over that? So, the issue that, the Herman case basically distinguishes if the ADA claim is dismissed for jurisdictional reasons. So, it's not Article III jurisdiction, right? It's just statutory jurisdiction under the ADA that, it isn't that he lacked Article III standing. It was that he wasn't entitled to injunctive relief. Right. So, it's an ADA specific issue. It is an ADA specific issue because the only relief, as this Court's aware, is under the ADA, is injunctive relief. So, if he can't get relief, there is no ADA claim. So, if he brought an ADA claim and emotional distress claim under state law, and the District Court determined, at say, after a bench trial, whatever, that he wasn't entitled to ADA relief, could the District Court continue with the emotional distress claim? Your Honor, if the ADA claim was dismissed on the merits, so that's what the Herman case distinguishes. It makes it a point to distinguish. But on the merits, it would mean, would it not, no violation of the ADA occurred. Exactly. Here, the Court found violations and entered appropriate injunctive relief as to a number of different issues surrounding the coffee house. So, isn't that distinguishable from the Herman case, where no violation was found, therefore no injunction issue? What we're, Your Honor, what we're arguing is that the issue now is jurisdictional. The reason that this Court can no longer grant injunctive relief is based on a jurisdictional issue. I don't think we're arguing with you over... The injunction essentially protects the plaintiff from future violations of the Disability Act when he again visits the store in the future, which he obviously cannot do, unfortunately, because he's no longer with it. No question that claim, that cause of action is mooted by his death, but I still don't understand why the estate can't collect for the prior violations that occurred while he was still alive. That's where I'm having a problem with your argument. Particularly in light of your concession that had he filed the case in a superior court on that same theory, just those state violations alone, it wouldn't be moved. To me, it can't make sense that it's moot in federal court, but not moot in state court. It... Because the mootness is driven by his death. Right. Right. And so, it goes into the principles of equity that were established in Munsinger and the U.S. Bank Corp case, which state that, again, had we won on the merits, the staining argument that we made, had we won on that merit... But you didn't. In fact, you didn't even appeal the district court's violation on at least two of the violations that were found. Isn't that right? That's correct, but, Your Honor, we did... What do we do with that judgment? We've got a judgment awarding... I assume the 4,000 included, although why the district court didn't award 4,000 for each of the violations is another issue, but assuming that those damages had already been incurred and Starbucks didn't appeal, why isn't that a final judgment, which, again, is an asset that the state can recover? Again, Your Honor, the issue is that we did raise the staining argument on appeal. Right, but we would have to agree that... We would have to find that the district court legally erred in initially determining that there was standing. So let's assume for purposes of my hypothetical that we don't buy that argument and that we think the district court got it right, that there was standing when the lawsuit was filed. Right. The issue is, Your Honor, that this court, because of Mr. Kalani's passing, can no longer get into the merits of that staining argument because, essentially, our argument is that he didn't establish an intent to return, which is... Okay, but we addressed that concern by declaring the ADA claim moot by virtue of his death and directing the district court to vacate its injunction and dismiss that claim. Correct. All right, so I think we've got your... If you want to make one more point, we need to give your... Yeah, absolutely. Just one question. Of course. So, assuming mootness and so forth, you would not argue that attorney fees are not appropriate. That's not your argument. Your Honor, under our argument, we did argue, or in our briefing, we did argue that if this court did reverse and vacate the judgment in its entirety, then it should also vacate the attorney fee award because there's no longer a prevailing party. But if we don't reverse it in its entirety, then there's no quarrel with at least the fact that the plaintiff, that is, the felony, would be entitled to fees. Correct. Now, if it wasn't vacated in its entirety, that's correct. However, we did request that the court remand it if it does find in favor... If it didn't find in favor of the staining, which would have, in our opinion, gotten rid of the entire case, had it reversed on any of the seating issue or the sales counter issue, that to reverse it the district court to determine based on a limited success argument. Given that there is now only a California claim, would the district court have to review the attorney's fees under California attorney fee law? And if so, is that the same as federal? Your Honor, I'm not quite sure about that I am not quite aware. I did not look into that issue. I've let you run over. It's a really intriguing question, frankly, and I appreciate your argument. Why don't you sit down and let's hear from the opposing counsel. Good morning. May it please the court. My name is Tanya Moore, and I represent Rosemarie Kalani here, who substituted in for her deceased husband, Robert Kalani. Excuse me, Ms. Moore. Mr. Clerk, would you start the clock? Thank you. I just want to briefly address the Herman family case, where the decision was made based on jurisdictional grounds that the court didn't have jurisdiction from the very beginning, which is not the case here. Indeed, I am arguing that not just the award of damages can withstand Mr. Kalani's death, but also the award of injunctive relief, the two items of the injunctive relief that Starbucks did not appeal here. Oh, okay, that Starbucks did not appeal. That's an interesting question. But if there were a violation of the injunction as to those two claims, he wouldn't be, the estate wouldn't be able to enforce the violation, would it? It couldn't go back to the district court and move for an order to show cause why Starbucks should not be held in contempt of the injunction. I wouldn't know the answer to that question, and I think nobody could at this point. But the injunction is intended to protect him into the future, right? And he can't, there can't be a violation of the injunction as to those two claims as to this plaintiff because he's dead. Right, but the entire scheme of ADA is based on courts ordering injunction to disabled plaintiffs that indeed act as a champions for the entire disabled community. No question that it benefits other disabled persons, but it's not a class action device. And the problem we're wrestling with here is that we've got an individual plaintiff who, if I can use the term, got an individualized injunction to protect his ADA rights, and that injunction is now essentially worthless because he isn't around to benefit from the injunction. And let me just piggyback on that. I think, I mean, I agree with what Judge Talmadge is saying, but isn't the question whether this court is to get involved in the issue in respect to the injunction that was not appealed? And clearly, if it was challenged in the district court or some other place, it's not likely that someone could enforce that injunction, that it would be moot as it relates to the dead defendant. But isn't there a question as to whether this court should involve itself in aspects of the judgment below that are not here on appeal? Isn't that more the question? Well, I think it's more of a question of enforceability that is not on appeal here. So that issue is not, I hate to use this term because I feel like we're back in federal courts, but that issue is not ripe for appellate review at this time. I agree with Judge Oliver on that. However... I mean, this case is complicated enough without adding that Right, but if you look at this case from the perspective of if Robert was still alive, and if Robert was still alive, this court, after reviewing the standing issue and perhaps finding out that he did have standing at the time the complaint was filed, would only be able to proceed to address two items, the only injunctive relief that Starbucks appealed. So by nature of not bringing the appeal and raising these issues in the opening brief, Starbucks already waived and acquiesced to those two injunctions. Well, they argued that they were challenging all of them because they were challenging the very authority the court had to enter the injunction. What's wrong with that argument? I'm not sure I understand, Your Honor. Could you... They say that Mr. Kalani did not have standing to bring this ADA claim, and so therefore, by force of that, the district court was without authority to enter any injunction. So because of their argument, they say, they are challenging all of the injunctive relief that was offered. And that would be correct if Mr. Kalani, Robert Kalani, didn't have standing at the time the complaint was filed, which district court found that he did, but if he didn't, then the case would be reversed, and all the injunctive relief would be reversed. But even if he had standing, that still doesn't answer the mootness question, which is what we're wrestling with. Right, but the mootness... At the time when the court entered the injunction, and Starbucks here decided not to appeal it, they acquiesced to the two remaining items that, and for that reason, those unchallenged portions of the judgment... So how are you going to redress a violation? I mean, you seem to be stuck on this issue of the two unappealed claims, and I hate to waste time on it, but how would you establish or challenge a violation of the injunction if the plaintiff is dead? Well, I don't know if the contempt or something could be brought. I have not researched that issue. But the injunction is to protect him. I think you're missing my point about this is not a putative class action device. The injunction may very well have the effect of benefiting other disabled patrons, but the other disabled patrons may or may not have the ability to go in. I suspect they would have to assert their own ADA claims if they encounter a similar violation that is technically a breach of Mr. Kalani's injunction, but I don't think they would have standing to raise Mr. Kalani's injunction as the basis for a contempt proceeding in the future against Starbucks. But again, that issue really isn't before. Perhaps not, but still, then no injunction could be enforceable in the future. I mean, if you're looking at the injunctions that the court has granted. Sure it is, as long as the plaintiff is still alive. Is alive. Of course it's enforceable. But here we're dealing with a protected class of individuals, and they're disabled. Now you're back to trying to turn it into a class action device, and that's not what it is. So, let's get off that issue, because I think we're just going round and round. I am interested, though, in the basis for distinguishing harm and family trust. Your position is that that case is going to tell me that the court determined there was no standing at the initiation of the lawsuit. That is correct. And if that's the case, then that probably does distinguish the applicability of that case from this one. That's right. I would like to, though, still talk about the happenstance that happened here. Um, the Starbucks here wants to say that they won a lottery without buying a ticket for those two additional items of injunctive relief. They never appealed them. They acquiesced to them. So the reasoning here of Munzinger applies. And then if you applied the U.S. Supreme Court reasoning for, in U.S. Bancorp mortgage company, um, reversing judicial precedents is, um, should be dealt with very carefully. And, uh, the, because judicial precedents are presumptively correct, they're valuable to the entire legal community as a whole. Um, they're not merely property of private litigants and should stand unless a court concludes that public interest would be served by a vacator. Now here, I'm arguing that there is no public interest that would be served by, uh, remanding and reversing the judgment on those two injunctive relief issues. But isn't— Starbucks is common— Wait, wait, wait. Isn't the doctrine of mootness designed, in essence, to overwrite the argument that you just made? In other words, if the case is moved, then even if it would otherwise be in the public interest if the plaintiff were still alive, it's moved. And it goes to the power of the court to retain jurisdiction over the matter because there is no effective relief that can be afforded to the plaintiff in the future for violations by reason of his death. Correct, in the future, but it has already been awarded to the plaintiff in this case and, um, already been acquiesced to by Starbucks. I mean, is this—I mean, it seems to me that if we have to send it back because of mootness, you both will have to appear again before the district court to argue over whether or not the attorney's fee award should be reduced somewhat, uh, because of the fact that it's moot and now you have prevailed only on a portion of the case. So the argument you're making, it seems to me, is a perfectly appropriate one to the district court in terms of not significantly reducing the fee award because of the fact that they didn't appeal two of the issues. But I don't think it—it's an argument that necessarily helps us here today in trying to decide whether we can just affirm the district court across the board, which is what you're urging us to do, or whether the law commands that we send it back because of his unfortunate death. I believe the law, um, only, uh, provides the vehicle here for the caterer as to those two injunctive relief items that were not appealed. Let me—I think your argument is clear. Let me ask you this. So let's assume that, uh, we determined at least the ADA claims are moot. That's pretty clear. And, um, does the fact that they have become moot affect the attorney fee calculation at all relative to whether you are a prevailing party, uh, in this litigation for purposes of fees? Doesn't the case law at least support the possibility that you, as a prevailing party in the district court, that when something becomes moot, you still can be entitled to fees for the work that you—you've done? I—I believe, uh, that it does because— What I want to know—I want to know what, uh, what is—is there support for that? Well, we, uh, prevailed on the merits in this case. Um, if you're not arguing— But it's—it's anticipating kind of what Judge, uh, Toma was talking about, whether it goes back on the fee issue with a possible reduction because you didn't really prevail completely. And I'm asking you, is that an argument the district court should be looking at if we—do we have to send it back? Or is there any argument that you have prevailed? I mean, what case law supports you to say you prevailed even if the matter becomes moot? I—I don't have the case law at hand. I think it is logic, um, that because of this happenstance, um, the parties should not necessarily be prejudiced in one way or the other. So the equity compels for Starbucks to get those, um, issues that they did raise in appeal, um, reversed because they, you know, uh, obviously became moot. But, um, also for, um, the plaintiff here, the, um, the opposite is true. The equity dictates that the plaintiff should not be any worse from this happenstance because, um, he didn't cause any of that intentionally. Okay. Do you have anything else that you'd like to address? Any other questions from the panel? I—I would just like to quote Molsky versus Evergreen for the conclusion. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and to bring serial litigation advance in the time when public accommodations will be compliant with the ADA. And I believe that if, um, we view this entire scheme as a whole, um, letting the injunctions stand, um, even the judgment should stand, perhaps it cannot be enforced. But just because there is a good legal reasoning that district court, uh, used and there is a precedent, um, that is valuable to the entire legal community, perhaps that should be valued and remain undisturbed. Okay. Thank you very much, Ms. Moore. Thank you. Um, counsel, I'll give you a couple to address, um, Judge Okuda's point, um, that she raised during plaintiff's argument, which is that we did, uh, appeal the entire judgment by raising that standing argument. And pursuant to Munsinger and the U.S. Bancorp case, it says that we should not be—we shouldn't have to acquiesce in that that this court enforce in this case. But you would agree that if—if we reject your, um, challenge to standing as to the entire case, then Starbucks is stuck with the judgment with regard to the issues that it didn't specifically appeal on? Your Honor, I would say that because of Mr. Kalani's passing that this court is unable to get into the merits of our standing argument. Because essentially, our standing argument has to do with an intent to return to the facility. And here, it's without a doubt that that issue is resolved and has now become moot. No, I guess I—maybe I should have made my question more clear. Um, Starbucks did not appeal the judgment with regard to the exterior seating on any basis other than standing. There's no argument in your interpretation of the ADA law in the implementing regulations, correct? On the exterior seating, yes, that's correct. So if—if we don't buy the argument that the claim is moot as to the state law violations, why isn't Starbucks still liable for the monetary judgment for the violations that the district court found in which it did not appeal? Again, it goes back to the ability of this court to review the standing argument due to Mr. Kalani's passing. Because if it— If we assume, and as you do, and I'm dubious about, that we don't separate the separate these two, and it's something that the plaintiff even acknowledges in their opposition. And on page 10 of their opposition, they said, if this court finds that the district court erred in finding that Mr. Kalani outstanding under the ADA, the entire judgment should be vacated. That includes— Well, I don't think there's any question about that. If we were to conclude that the district court erred ad amicio in its determination of standing, then you're right. We'd vacate the judgment and remand with instructions to dismiss. However, the question remains, if we conclude the district court was correct on its initial standing determination, then we have to figure out what's left of the case in light of Mr. Kalani's death. Correct. And I guess our position would be that this court is without the ability to review that standing argument because of Mr. Kalani's death, essentially. Is that— I think you've made your position very clear. We'll puzzle it through and give you an answer as soon as we can. Great. Thank you so much, Your Honor. Thank you both. Very well argued. Appreciate it very much. And the case is ordered, submitted for decision. We'll get you a decision as soon as we can, and we are adjourned for the
judges: Tallman, Ikuta, Oliver